■ DAVID HALPERN, an Infant, by His Guardian ad Litem, KENNETH L. MARKS, et al., Appellants-Respondents, v. JAD CONSTRUCTION CORP. et al., Defendants, and FIRESTONE TIRE & RUBBER Co., Respondent-Appellant.— Order,

entered on November 2, 1961, denying and granting in part the motion of defendant Firestone Tire & Rubber Co. to dismiss for insufficiency the four causes of action of the second amended complaint, unanimously modified, on the law, to the extent of granting the motion as to the first and second causes of action, and, as so modified, affirmed, with $20 costs and disbursements to defendant-respondent-appellant. The second amended complaint alleges Ford Motor Co. manufactured a tractor; that the tires thereof were manufactured by Firestone Tire & Rubber Co.; that Malvese Tractor & Implement Co. sold the tractor to Jad Construction Corp.; and that on July 31, 1958 the infant plaintiff was operating the tractor and was caused to fall therefrom because one of the tires blew out. The third and fourth causes of action are based on warranties of fitness for use and merchantability of the offending tire. The said warranties are not available to the plaintiffs. (*Goldberg* v. *Kollsman Instrument Corp.*, 12 N Y 2d 432.) The first and second causes of action are insufficient for failure to allege facts establishing negligence. The allegation as to a blowout is not enough because it is consistent with the exercise of care in the manufacture of a tire. (Cf. *Campo* v. *Scofield*, 301 N. Y. 468.) Insofar as the remaining allegations are applicable to the appellant, they are conclusory and devoid of factual content. Concur — Botein, P. J., Breitel, McNally, Stevens and Steuer, JJ.