■ ROBERT G. WECHT et al., Respondents, v DIAL CHEVROLET INC. et al., Appellants. GENERAL MOTORS CORPORATION, Third-Party Plaintiff-Respondent, v IMPERIAL NEWS Co., Third-Party Defendant-Appellant. DIAL CHEVROLET INC., Second Third-Party Plaintiff-Respondent, v BOYERTOWN AUTO BODY WORKS, INC., Second Third-Party Defendant-Appellant.—Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered July 13, 1989, which, after a jury trial, awarded plaintiff Robert Wecht judgment against defendants Dial Chevrolet Inc., Chevrolet Motor Division of General Motors Corp., and General Motors Corp. (the GM/Dial defendants) totalling $2,540,735.10, awarded plaintiff Alice Wecht judgment against GM/Dial totalling $272,902.50, awarded GM/Dial a third-party judgment against defendant Boyertown totalling $1,547,568.00, and awarded GM/Dial a third-party judgment against Imperial totalling $619,000.27, and order of the same court entered on or about July 6, 1989, which denied the defendants' motion to set aside the verdict, and order of the same court entered on or about July 31, 1989, which denied defendants' motion for retrial and for judgment notwithstanding the verdict, unanimously affirmed, without costs.

Plaintiff's foot was crushed in the narrow foot-well of the truck in which he was driving when the truck collided with the pole. At the trial of this products liability action against

the manufacturers of the vehicle, and third-party actions, the IAS Court properly declined to charge the jury on the issue of crashworthiness, also known as the second collision doctrine *(see, e.g., Garcia v Rivera,* 160 AD2d 274, *lv denied* 77 NY2d 801). The collision between the truck and the telephone pole cannot be regarded as a separate collision from that between the interior of the truck and Mr. Wecht's foot. Even if the "second collision" doctrine did apply, the evidence shows that the defect in the foot-well enhanced Mr. Wecht's injuries by preventing him from removing his foot in time.

The evidence supports the jury's conclusion that the truck was unsafe. *(See, Cover v Cohen,* 61 NY2d 261.) The conflict in the testimony of the various experts was a matter for the jury to resolve *(Laniado v New York Hosp.,* 168 AD2d 341).

The IAS Court should have allowed defendants to inquire into plaintiff's complaint to Imperial about the truck, since the testimony was sought, not for the truth of the statement, but rather to show Mr. Wecht's knowledge on a certain subject (Richardson, Evidence § 205 [Prince 10th ed]). Nevertheless, there was competent evidence elsewhere in the record that only general complaints were made to Imperial about the trucks, and none about the excessive narrowness of the foot-well. Accordingly, the error was harmless.

The jury's award of damages did not deviate materially from what would be reasonable compensation (CPLR 5501 [c]).

We have reviewed all of the remaining arguments of the various defendants, and find them to be without merit. Concur —Carro, J. P., Milonas, Rosenberger and Kupferman, JJ.