■ BOZIDAR FRANOV et al., Appellants, v EXXON COMPANY, USA, et al., Respondents, et al., Defendant.—Order, Supreme Court, New York County (David Saxe, J.), entered September 19, 1990, which, *inter alia,* granted the motion and cross-motion for summary judgment on behalf of defendants Exxon Company, USA, Exxon Corporation and L&R Service Station, dismissed plaintiffs' complaints and cross-claims asserted against them and denied plaintiff Sango's motion for reargument of the order of the same court and Justice, entered February 28, 1990, granting summary judgment to Firestone Tire and Rubber Company, Inc., unanimously affirmed, without costs or disbursements. Order of the same court and Justice, entered February 28, 1990, granting defendant Firestone Tire & Rubber Company, Inc.'s motion for summary judgment dismissing the complaint and all cross-claims asserted against it, unanimously affirmed, without costs or disbursements.

On October 14, 1984, plaintiff Sango was a passenger in a 1975 Mercury Cougar vehicle owned and operated by Bozidar Franov, the right rear tire of which blew out, causing Franov to lose control and the car to strike a guard rail. On impact, the vehicle's gas tank became dislodged and ignited, engulfing the car in flames. All that was left of the right rear tire were unidentifiable charred remains. Plaintiffs Franov and his wife, derivatively, and Sango commenced this negligence action against, *inter alia,* Firestone Tire & Rubber Company, Inc., and the Exxon defendants, alleging that the subject tire had been defectively designed and manufactured by Firestone and sold by Exxon USA/Exxon Corporation through L&R Service Station located in Astoria, Queens.

The IAS court properly granted summary judgment dismissing the complaint. The mere fact of a tire blowout, in and of itself, does not establish liability against the seller and manufacturer of such tire *(Stavrous v Michelin Tire Corp.,* 106 AD2d 326, *lv denied* 64 NY2d 612; *Halpern v Jad Constr. Corp.,* 19 AD2d 875, 876, *affd* 15 NY2d 823), especially where there is an absence of proof that the tire was defective, or, if it was, that the tire was, in fact, designed, manufactured or sold by defendants *(see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102). On this record, plaintiffs are unable to show that Firestone manufactured the tire in question or that Exxon or L&R Service Station ever sold it. On the other hand, defendants offered evidence that the tire sold by L&R and allegedly installed in the right rear portion of the vehicle was, in fact, installed in the front portion of the car. Nor were plaintiffs able to offer any satisfactory evidentiary proof to create a material issue of fact as to the identity of the maker of the right rear tire. Plaintiffs' expert had to concede that the two rear tires had been removed prior to his inspection of the vehicle in December 1984. The remnants that he examined much later were sent to him by Sango's attorney and there is no indication in this record as to their source. Thus, there is a total absence of an identification of any tire that was connected to the accident.

Plaintiff Sango's unsubstantiated assertion that L&R improperly repaired the vehicle's gas tank some two or three years prior to the incident is insufficient to demonstrate the existence of a triable issue of fact. *(See, Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966.) In any event, there is no evidence connecting the alleged repair to the accident. Concur —Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.