(February 2, 1995)

■ George Healey, Jr., Appellant, v Firestone Tire & Rubber Company, Bridgestone/Firestone, Inc., Appellant, and All-Inn Trucking, Inc., Respondent. [622 NYS2d 246] —Order, Supreme Court, New York County (Joan B. Lobis, J.), entered January 28, 1994, which, *inter alia,* denied defendant Firestone's motion for summary judgment dismissing plaintiff's complaint and which denied plaintiff's motion for summary judgment on the issue of liability against defendant All-Inn Trucking, modified, on the law, only to the extent of granting Firestone's motion to dismiss all claims against it other than those based upon the defective design of the subject tire rim and, as so modified, the order is otherwise affirmed, without costs.

In light of, among other things, the pre-litigation deposition testimony of All-Inn's owner indicating that the accident-related tire rim was either placed back on one of All-Inn's ten trucks or leaned up against the wall in the garage the day after the accident, and the finding by plaintiff's experts that three identified tire rims (all manufactured by Firestone) inspected at the garage soon after the accident could be the only ones involved in the accident, material issues of fact with respect to the identity of the tire rim involved in the accident have been sufficiently raised to warrant a denial of summary judgment, even though the three potential accident rims have since disappeared *(see, Treston v Allegretta,* 181 AD2d 470). While All-Inn's owner, approximately two years later, changed his testimony to the effect that the accident rim may very well have been discarded on the day of the accident, such presents a question of credibility. Similarly, the conflicting opinions of the experts regarding the causation of the accident

is an issue which must be left for the trier of fact (*Wecht v Dial Chevrolet*, 173 AD2d 328, 329, *lv denied* 78 NY2d 862). Finally, we also note that there are material issues of fact concerning whether All-Inn was negligent in its inflation and handling of the tire in question.

However, the inexcusable conduct of All-Inn in failing to preserve the critical evidence has fatally prejudiced Firestone in its defense of those portions of plaintiff's causes of action sounding in negligence and strict liability. No act or omission of Firestone was involved in the disappearance of the three tire rims, and their unavailability for expert examination and analysis. Under the circumstances, as a matter of elementary fairness, we dismiss those causes of action against Firestone, leaving plaintiff to pursue this action solely upon his cause of action against that defendant for allegedly defective design of the product. Concur—Ellerin, Wallach and Kupferman, JJ.

Murphy, P. J., dissents in part in a memorandum, as follows: I would modify the order to dismiss all claims against Firestone.

On September 17, 1991, the plaintiff alleges that he was injured when a fully inflated truck tire exploded. This accident occurred on the premises of defendant All-Inn Trucking, Inc., a hauling concern that operates ten dump trucks, each of which has ten wheels.

Lee Barrow, an employee of All-Inn, gave deposition testimony that the tire exploded after he had inflated it inside a metal cage to 100 pounds per square inch. The compressor was not adjustable by Barrow, and he checked the pressure at least twice to make sure it reached 100 pounds. He then rolled it outside to be placed on a truck. Barrow laid it down on its side after it slipped out of his hands. Shortly thereafter, for no apparent reason, the tire exploded, knocking Barrow down and seriously injuring plaintiff, who was standing nearby. Barrow testified at his deposition that he could not identify the manufacturer of the rim assembly.

The plaintiff sued both All-Inn Trucking, Inc. and appellant as the alleged manufacturer of the wheel rim assembly. The majority allows the cause of action to stand against Firestone on a theory of defective design, despite the absence of any direct evidence establishing that Firestone manufactured the rim involved in the accident. The theory is that the tire was secured onto the wheel by a three-piece rim assembly consisting of two concentric rings secured against the bead of the tire by a lock and ring. Plaintiff postulates that the rims were

"corded," meaning that they were out of round due to hammer blows during changing tires, or corrosion, or wear and tear, and that this propensity to be corded constitutes a design defect that caused an explosive separation of the three-piece tire rim. The majority holds that there is sufficient circumstantial evidence of manufacturer identity with respect to the tire rim to present a factual question. I disagree.

There was no eyewitness to the accident who can offer any observation as to why or how it happened. The plaintiff suffered severe injuries and is amnesic as to the accident. Lee Barrow testified that he was two feet away from the tire when it exploded, knocking him down against the building which housed the cage and compressor. He didn't see the plaintiff, and testified that he was dazed afterwards.

Joseph Biassi, the President and owner of All-Inn, testified that he was at the desk inside a trailer when he heard the tire explode. He testified that the rim and lock ring had separated from the wheel, and that he was not sure what he did with the rim. In his deposition, Biassi testified that the next day he put it back on a tire and either put the wheel against the wall of the shed or may have put it back on a truck. In an affidavit submitted two years after the accident, Biassi stated that it was their practice to replace worn or broken parts, and he cannot be sure they did not throw away the rim on the day of the accident. Biassi stated both in his deposition and his affidavit that he cannot identify the manufacturer of the rim involved.

On October 26, 1991, more than two months after the accident, plaintiff's expert inspected the premises and determined that 84 of the rims out of 90 on the nine trucks he inspected were manufactured by Firestone. Later, on December 7, 1991, plaintiff's expert again inspected those trucks and identified three rims that were badly corded, and opined that it must have been one of these three rims, each of which was allegedly manufactured by Firestone, that caused the pressurized separation.

There is insufficient evidence to present a factual question. First there is proof that one of the three corded rims was actually the one on the tire that exploded. The record establishes that seven separate entities manufactured multipiece rims, and some of their parts were interchangeable. It is entirely speculative to assume that one of those three rims was involved. Even accepting as true plaintiff's expert finding that 84 of the rims he examined were manufactured by appellant, there is no discussion of who manufactured the

spare rims in defendant's shop, nor is there any evidence as to the manufacturer of the lock and ring component of the three piece assembly.

It cannot be fairly be presented to a jury to determine, solely on the basis of probability, whether a rim manufactured by Firestone was involved in the pressurized separation. On this record there is insufficient evidence to present a factual issue of manufacturer identity (see, *Voss v Black & Decker Mfg. Co.,* 59 NY2d 102; *Franov v Exxon,* 178 AD2d 327, *lv denied* 80 NY2d 822).