**ALLSTATE INSURANCE COMPANY, as Subrogee of Benito Garcia and Eutimia Garcia, Plaintiff–Appellant,**

v.

**SUNBEAM CORPORATION, Defendants–Appellees.**

No. 94–3142.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 9, 1995.

Decided April 27, 1995.

Mark V. Puccio (argued), Colleen Considine Coburn, Timothy G. Merker, Knight, Hoppe, Fanning & Knight, Des Plaines, IL, for Allstate Ins. Co.

James W. Ozog, David J. O'Connell (argued), Mark W. Monroe, Momkus, Ozog & McCluskey, Downers Grove, IL, for Sunbeam Corp. and Sunbeam Leisure Products Co.

Before FLAUM and EASTERBROOK, Circuit Judges, and PAINE, District Judge.[*]

PAINE, District Judge.

This is an appeal of a final judgment of a United States District Court within this court's jurisdiction pursuant to 28 U.S.C. § 1291.

## Facts

On July 4, 1990, the Garcia home was destroyed by fire. Over two years after the fire, Allstate Insurance Company, as subrogee of the Garcias ("Allstate") brought this products liability action against Sunbeam Corporation and Sunbeam Leisure Products ("Sunbeam"), alleging that the fire was caused by a defective Sunbeam gas grill.

On July 6, 1990, an Allstate adjuster went to the Garcia house to investigate the loss. He confirmed that the scene had not been disturbed and he photographed the scene. Later that same day, an engineer hired by Allstate examined the fire scene. He observed a spare propane cylinder in the fire debris immediately near the grill. He also determined that the grill components which survived the fire were the side range top burner assembly, gas control panel, grill frame assembly, L.P. operating cylinder with remains of pressure regulator and service valve installed, cooking grates and warming racks, and gas control valves. The engineer also took photographs which reveal that the spare cylinder was in the vicinity of the grill at the time soon after the fire. Based upon his investigation, the engineer opined that the fire originated in the area of the gas grill but he was unable to determine the actual cause of the fire at that time.

After the adjuster and the engineer investigated the fire scene but before they had identified the sole cause of the fire, they determined that the only significant evidence was the remains of the grill's fuel system. Therefore, they only saved the L.P. operating cylinder, the main burner, the primary control valves and the gas regulator remains. All remaining product evidence, including the grill frame, planking, control panel, side burner and second propane cylinder, was discarded.

On February 1, 1993, Allstate Insurance Company filed its Complaint against Sunbeam. After learning of Plaintiff's failure to preserve evidence it deemed significant physical evidence to its defense, Sunbeam filed a Motion for Sanctions for Evidence Spoilation [sic]. An evidentiary hearing was held by a magistrate judge to determine whether Allstate failed to preserve evidence as required under Illinois law, and if so whether Sunbeam's defense was prejudiced by Allstate's failure to do so.

After hearing the evidence from experts for each side, the magistrate judge found that a reasonable investigator would have known that 1) a tank containing propane, if heated, would release highly flammable propane gas, 2) that if the tank was overfilled, heat from the ambient air and a nearby

---

[*] Hon. James C. Paine, of the Southern District of Florida, sitting by designation.

operating gas grill could be enough to cause it to do so, 3) the vented propane could have been drawn into the grill casing and ignited; and 4) soot and charring on the second tank would indicate that it was touched by flames. The magistrate judge concluded that it was unreasonable for Allstate to have relied on statements from the insureds that the tank was both empty and, despite the photographs taken just after the fire, that the tank was stored at a distance from the grill. The magistrate judge also concluded that Sunbeam was irremediably prejudiced because it was deprived of what might have been convincing evidence that, in fact, the second tank was near the grill. Finding that Sunbeam's defense was seriously and materially weakened, the magistrate judge recommended that the complaint be dismissed.

The district court, upon *de novo* review of the record, adopted the magistrate judge's findings and dismissed the case as a sanction for spoliation of evidence and this appeal ensued.

### Legal Discussion

■ This case was in the district court upon federal diversity jurisdiction. Generally, in a diversity case, state law governs issues that potentially alter the outcome of a case. *See, Guaranty Trust Company v. York*, 326 U.S. 99, 109, 65 S.Ct. 1464, 1469–70, 89 L.Ed. 2079 (1945). However, the federal rules of procedure and evidence always apply in federal litigation, whether or not they determine the outcome. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). Therefore, the standard of appellate review depends on federal rather than state law. Federal law provides that "Findings of fact shall not be set aside unless clearly erroneous." Fed.R.Civ.P. 52(a); *Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). The question before us, then, is whether the district court's factual findings, upon which it relied when it granted the Appellee's motion for sanctions, are clearly erroneous. Further, the parties agree that in this case the pre-suit duty to preserve evidence is governed by

Illinois law. Therefore, if we determine that the district court's factual findings are not clearly erroneous, we must then decide whether the district court correctly determined that, under Illinois law, the Appellant had a duty to preserve evidence before litigation commenced.

■ There are two very recent appellate decisions in Illinois dealing with the issue of a party's duty to preserve evidence. The Appellant relies upon *H & H Sand & Gravel Haulers Co. v. Coyne Cylinder Co.*, 260 Ill. App.3d 235, 198 Ill.Dec. 367, 371, 632 N.E.2d 697, 701 (1994), for the proposition that the district court erred in dismissing the case as a sanction for failing to preserve evidence. In *H & H*, the defendant manufacturer sought to bar all expert testimony as a sanction for the spoliation or destruction of evidence. The trial court granted the motion and the Illinois appellate court reversed. Noting that at the time of the destruction of the evidence, the sole causal theory had nothing to do with the evidence which was destroyed, the court held that a party "cannot be held to take extraordinary measures to retain and preserve items which were not relevant to either of the parties at the time they were destroyed." *H & H*, 198 Ill.Dec. at 375, 632 N.E.2d at 705. The court further set out the standard that "when the alteration or destruction of evidence does not deprive a party from establishing their case, there has been no prejudice, and sanctions which deprive a party of a trial on the merits are inappropriate." *Id.* The *H & H* case is distinguishable from the present set of facts because, unlike in the present case, the appellate court in *H & H* was able to conclude on the record that the destroyed evidence was not relevant to either parties at the time it was destroyed. Further, in *H & H*, unlike in the present case, there existed a sole causal theory at the time the evidence was destroyed.

The Appellee relies upon *Shelbyville Mut. Ins. Co. v. Sunbeam Leisure Products Company*, 262 Ill.App.3d 636, 199 Ill.Dec. 965, 634 N.E.2d 1319 (1994), a case directly on point. In *Shelbyville*, the insurance company plaintiff initially preserved the entire grill but then dismantled the grill and destroyed the

components. The trial court in *Shelbyville* found that this action prejudiced the defendant by limiting its ability to present, *inter alia,* theories as to alternative causes of the fire. The court barred the plaintiff from presenting expert testimony concerning the defects in the grill which resulted in dismissal of the case as the plaintiff could not present a prima facie case of liability. The Illinois appellate court upheld the sanction and found that the insurance company's inadvertent destruction of portions of the grill effectively foreclosed the defendant from presenting evidence as to what might have been the actual cause of the fire. *Id.* While the Appellant attempts to distinguish *Shelbyville* from the present case by suggesting that *Shelbyville* was decided upon an inference that the plaintiff destroyed evidence in bad faith, the *Shelbyville* court does not make such a finding and is, therefore, not distinguishable on that ground.

■ Under the law as set forth by each of the recent cases cited above and relied upon by both parties, the test in the present case is whether the Defendant manufacturer was deprived of the ability to establish its case. The district court's factual findings that the defendant was so deprived and that the Defendant was prejudiced by the destruction of evidence, are not clearly erroneous.

Allstate failed to preserve evidence, some of which was part of the alleged defective product itself and some of which was evidence which might itself have been, or shed light upon, an alternative cause of the fire. Allstate now argues that these items were not relevant or material to the fire investigation. However, at the time the items were destroyed, even Allstate was not yet sure of the actual cause of the fire. Accordingly, as an insurance company who had not yet determined the actual cause of the fire, Allstate had a duty under Illinois law to preserve all evidence of alternate causes thereof. *American Family Ins. Co. v. Village Pontiac-GMC, Inc.,* 223 Ill.App.3d 624, 166 Ill.Dec. 93, 585 N.E.2d 1115 (1992) (the plaintiff insurance company should have known that potential defendants would undoubtedly want to inspect the entire product); *Graves v. Daley,* 172 Ill.App.3d 35, 122 Ill.Dec. 420, 526 N.E.2d 679 (1988) (the insurance company knew or should have known, that the product

which allegedly caused the fire was a crucial piece of evidence and should have been preserved).

The Appellant's argument that *Graves* and *American Family* are distinguishable because in those cases it was the actual product and not other evidence which was destroyed is not persuasive. First, part of the evidence in the present case which was not preserved was part of the grill—the product which Allstate alleges caused the fire. Second, Allstate should have known that the defendant would have wanted to examine the second tank which was by all credible accounts (the admission of the adjuster, the photographs, and the home video) located near the fire shortly after the fire. The district court correctly found as a matter of fact, that it was unreasonable for the adjuster to destroy this evidence before the actual cause of the fire had been determined. The district court also correctly determined that failure to preserve this evidence prejudiced Sunbeam's efforts to present a defense that the fire was caused by some source other than its grill. It cannot be said that these factual findings are clearly erroneous. Further, under Illinois law and the facts of this case, the Appellant had a duty to preserve the evidence which it discarded. Therefore, the district court's order must be and is AFFIRMED.