■ MUDGE, ROSE, GUTHRIE, ALEXANDER & FERDON, Appellant-Respondent, v PENGUIN AIR CONDITIONING CORP., Respondent-Appellant. (And a Third-Party Action.) [633 NYS2d 493] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered October 19, 1994, which granted defendant's motion for summary judgment dismissing the amended complaint and which denied as moot third-party defendant's motion for summary judgment, unanimously affirmed, without costs. Cross-appeal taken by defendant-respondent-appellant is unanimously dismissed as taken by a party not aggrieved by the order (CPLR 5511), without costs. The Clerk is directed to enter judgment in favor of the defendant dismissing the amended complaint.

The IAS Court properly concluded that plaintiff's action is time-barred since it was commenced more than six years after the alleged improper installation of an air conditioning system and related piping (*Cabrini Med. Ctr. v Desina*, 64 NY2d 1059, 1061). That defendant returned to the premises to perform repair work and inspections is not a basis for extending the Statute of Limitations as the complaint is limited to claims of negligent installation. Nor do these facts demonstrate a continuing professional relationship between plaintiff and defendant as would toll the Statute of Limitations (*supra*, at 1062).

Although we dismiss defendant and third-party plaintiff's cross appeal, we find that the arguments raised therein would provide a further ground for affirmance. Dismissal of the amended complaint is also warranted because of plaintiff's negligent loss of a key piece of evidence which defendants never had an opportunity to examine (*see, Interested Underwriters at Lloyd's v Rheem Mfg. Co.*, NYLJ, May 12, 1994, at 28, col 4).

Plaintiff's motion for an order pursuant to 22 NYCRR 600.11 (d) compelling defendant to share half the expense of the record on appeal is granted. Concur—Rosenberger, J. P., Ellerin, Rubin, Asch and Nardelli, JJ.