■ DIXIE NAPIER, Respondent, v SAFEGUARD CHEMICAL CORPORATION, Appellant, et al., Defendant. [638 NYS2d 40] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered October 24, 1995, which, insofar as appealed from, denied defendant-appellant's motion for summary judgment dismissing so much of the complaint as is based on claims of design or manufacturing defects, unanimously affirmed, with costs.

Plaintiff brought this action to recover for personal injuries sustained by an explosion of a roach fogger canister manufactured by defendant, allegedly caused by a design or manufacturing defect in the can. On its motion for summary judgment, defendant supplied experts' opinions that the product's properties could not have caused plaintiff's injuries, that the cause of the explosion had to be exposure to a flame or an ignition source such as a stove pilot light, and that plaintiff misused the product. In opposition, plaintiff's experts opined that plaintiff's second degree burns were caused by a dispersion of chemicals, that defendant's quality and control measures were inadequate, that the cause of the explosion was an "overfilled" canister that self-ignited due to electrostatic charges in the discharge stream, and that if other specifications were not met the canister would have self-ruptured due to the failure of the defective pressure containing part. We agree with the IAS Court's implicit finding that plaintiff's experts' affidavits are not conclusory and are legally sufficient to raise issues of fact inappropriate for resolution on a motion for summary judgment (*Wecht v Dial Chevrolet*, 173 AD2d 328, *lv denied* 78 NY2d 862; *Roundpoint v V.N.A., Inc.*, 207 AD2d 123, 126). It is not necessary, as defendant asserts, that plaintiff adduce direct evidence of a specific defect, it being enough to make out a

prima facie case that the product did not perform as intended by the manufacturer (*Codling v Paglia*, 32 NY2d 330, 337-338). Concur—Milonas, J. P., Rosenberger, Rubin, Kupferman and Mazzarelli, JJ.