[652 NYS2d 870]

ARTHUR H. CLOW, JR., Respondent, v BURTON FISHER et al., Defendants and Third-Party Plaintiffs-Appellants. ROLAND J. DOWN INC. et al., Third-Party Defendants-Appellants. (Action No. 1.) (And Two Other Related Actions.)

Third Department, January 30, 1997

### APPEARANCES OF COUNSEL

*Carter, Conboy, Case, Blackmore, Napierski & Maloney,* Albany *(Joseph T. Johnson* of counsel), for Burton Fisher and others, defendants and third-party plaintiffs-appellants.

*Taylor, Matalavage & Fallon,* Albany *(Joan Matalavage* of counsel), for Roland J. Down Inc., third-party defendant-appellant.

*Friedman, Hirschen, Miller, Coughlin & Campito, P. C.,* Schenectady *(Thomas M. Hirschen* of counsel), for Edward Smythe, third-party defendant-appellant.

*James D. Linnan,* Albany, for respondent.

### OPINION OF THE COURT

MERCURE, J.

The plaintiffs in these actions, Arthur H. Clow, Jr., Nancy L. Horn and Peter A. Rinaldi, are all firefighters who were injured in the course of fighting a June 19, 1989 fire in a building at 196 Morton Avenue in the City of Albany. Clow was injured when other firefighters assisted him in escaping from the burning building by pulling him up through a hole that had been cut in the roof. Horn fell from a staircase landing and Rinaldi was struck by a falling ceiling. Plaintiffs each commenced an action against defendants Burton Fisher, the owner of the building, Empireview Development Corporation, the developer, and Tyler Construction Corporation, the general contractor, with regard to renovations that were being performed to convert the former school building to multiunit residential use. In each of the actions, defendants asserted third-party claims against third-party defendants Edward Smythe, the electrical contractor engaged to install new wiring in the building, and Roland J. Down, who was engaged to install air handling equipment and controls. At issue on this appeal is the propriety of Supreme Court's order denying motions by defendants and third-party defendants (hereinafter collectively referred to as

defendants) for summary judgment dismissing plaintiffs' causes of action pursuant to General Municipal Law § 205-a, which creates a cause of action in favor of a firefighter sustaining, as relevant here, an injury occurring as the direct or indirect result of any person's noncompliance with a statute, ordinance, rule, order or requirement of the Federal, State or a municipal government or any of their departments, divisions and bureaus (General Municipal Law § 205-a).

We agree with Supreme Court that the deposition testimony of Assistant Chief Paul La Joy and Lieutenant Harold Siegel of the City of Albany Fire Department raised a factual issue concerning whether the fire originated in electrical wiring that ran from an electrical box in unit 204 to an air handling unit on the roof of the building. Contrary evidence pointed to by defendants, which supported a finding that this particular wire had never been energized, merely raised a credibility issue that could not be resolved on a summary judgment motion (*see, Selmer's Petland Corp. v All Is. Heating & Air Conditioning*, 224 AD2d 606; *Napier v Safeguard Chem. Corp.*, 224 AD2d 310, 310-311; *Harrington v City of Plattsburgh*, 216 AD2d 724, 725). We also agree with Supreme Court's conclusion that the testimony provided by La Joy and Siegel supported a finding that defendants violated provisions of the State Uniform Fire Prevention and Building Code requiring the design and installation of electrical wiring in such a way as to eliminate potential sources of combustible material and electrical hazards and to prevent the spread of fire (*see*, 9 NYCRR 1030.1 [a], [b], [f]; 1163.11 [a]-[h]),* which violation directly or indirectly caused the fire in the building.

We are unpersuaded by defendants' argument that liability may not be imposed under General Municipal Law § 205-a for the violations that caused the fire in the first instance, thus merely bringing about the occasion for the firefighters' presence on the scene, and that a plaintiff is required to show that the cited violations exposed him or her to *additional* hazards that were the immediate cause of the injury. In fact, it has been long recognized that, in sharp contrast to a common-law negligence action, where liability "must generally rest upon causes other than those having to do with the inception of the

---

* We shall assume that Supreme Court's references to the nonexistent section 1163.11 of the *National* Fire Protection and Building Code (presumably caused by plaintiffs' error, which was later corrected in response to this Court's inquiry) were intended to refer to the State Uniform Fire Prevention and Building Code.

fire and the ordinary hazards pertinent to the fighting and the spreading of the fire and the protecting of property therefrom" (*McGee v Adams Paper & Twine Co.*, 26 AD2d 186, 190, *affd* 20 NY2d 921), "a fire[fighter] is entitled to recover [under General Municipal Law § 205-a] for injuries sustained in fighting a fire which was started as a result of a violation of a fire preventive ordinance" (*supra*, at 195). We see nothing in *Mullen v Zoebe, Inc.* (86 NY2d 135), *Zanghi v Niagara Frontier Transp. Commn.* (85 NY2d 423) or *Kenavan v City of New York* (70 NY2d 558) clearly evidencing the Court of Appeals' intention to abrogate that rule. In any event, if judicially overruled, the rule has been reinstated with the addition of a new subdivision (3) to General Municipal Law § 205-a, providing, as relevant here, that "[t]his section shall be deemed to provide a right of action regardless of whether the injury * * * is caused by the violation of a provision prohibiting activities or conditions which increase the dangers already inherent in the work of any officer, member, agent or employee of any fire department" (eff Oct. 9, 1996 and applicable to pending actions [L 1996, ch 703, § 6]; *see*, Governor's Approval Mem, 1996 McKinney's Session Law News, at A-986).

CARDONA, P. J., MIKOLL, CREW III and YESAWICH JR., JJ., concur.

Ordered that the order and corrected order are affirmed, with one bill of costs.