OPINION OF THE COURT
John A. Milano, J.
This products liability action arises from a collision on September 27th, 1994, during which plaintiff, George Andersen, who was driving a 1992 GMC Jimmy, owned by his employer, the City of New York, on the Horace Harding Expressway in Queens County, was “rear-ended” by a 1984 Buick, driven by codefendánt, John R. Schwartz. Plaintiff claims that when the Buick “rear-ended” the Jimmy, his seat-back completely collapsed into the rear seat causing him injury. Plaintiff filed this products liability action against General Motors (hereinafter GM) on September 18th, 1997.
GM moves this court for an order granting summary judgment on the ground that plaintiffs have negligently and willfully failed to preserve evidence.
Plaintiffs, on or about February 6th, 1995, served the City with an order to show cause pursuant to CPLR 3102 (c) permitting, inter alia, inspection and discovery of the said vehicle to frame a complaint. On March 6th, 1995, by stipulation between the City of New York and the plaintiffs, the viewing and inspection of the said vehicle was to be made within 30 days. The said vehicle was to be viewed in the presence of an employee of the City of New York, Department of Environmental Protection (hereinafter D.E.P.) and petitioners/plaintiflfs could have an expert to view said vehicle wherein photographs could be taken. And, if any portion of the vehicle had to be moved or touched, it would be done by an employee of the D.E.P. The inspection of the said vehicle by the plaintiffs took place on March 28th, 1995. The defendant, GM, later sued by the plaintiffs, was not a party to the said action at this time, nor was GM notified by the plaintiffs of the agreement reached between the plaintiffs and the City of New York, in regard to the inspection of said vehicle.
GM was the contemplated prospective party defendant at this time, but the City of New York was not a party defendant then or contemplated to be such in the future. The defendant, GM, by its attorneys, forwarded to the attorney for the plaintiffs several communications commencing on November 21st, 1997, shortly after the service of the summons and complaint, to determine the location and condition of the subject *1003 vehicle and to ensure that GM would have an opportunity to inspect the vehicle and evaluate plaintiffs’ contentions.
Ultimately, GM successfully petitioned this court at a preliminary conference on June 18th, 1998, to set deadlines for plaintiffs to produce the actual vehicle and seat for inspection no later than September 1st, 1998. Subsequent to the conference, it was revealed that the subject vehicle could not be located. GM forwarded to the plaintiffs several more letters in an effort to locate and set up an inspection of the vehicle and/or seat prior to September 1st, 1998, the court’s deadline. As of the date of this decision, the vehicle has yet to be produced for inspection.
Should this court dismiss the plaintiffs’ case for their failure to produce the vehicle and/or seat involved in the accident? It is significant to note that the inspection of the vehicle and/or seat by the plaintiffs took place on March 28th, 1995, more than two years prior to the commencement of the products liability case against the defendant GM. Further, at the time of the inspection, the City of New York, not a party to these proceedings, had agreed to permit inspection of the said vehicle and/or seat. This vehicle, owned by the City of New York, was a GM vehicle. The plaintiffs placed their reliance on the City of New York to hold and preserve the vehicle in its original state after the accident. But, can blind reliance on the City of New York’s obligation exculpate the plaintiffs’ apparent corresponding obligation to have notified GM of the date and place of the inspection in order to ensure a fair procedure and to avoid the very extreme prejudice that presently confronts the defendant GM? GM argues that it cannot competently defend the products liability action without having been afforded the opportunity to adequately inspect the vehicle at the time of the initial inspection by the plaintiffs. Further, there is no way that the defendant, GM, can show and prove any misuse, alteration or poor maintenance by the City of New York, of the said vehicle and/or seat, thereby preventing the said GM manufacturer from asserting defenses agáinst a possible design defect claim, by showing that said misuse, etc., was the proximate cause of the plaintiffs’ injuries. In the case of Squitieri v City of New York (248 AD2d 201 [1st Dept 1998]), the Court held that when a party to a products liability action alters, loses or destroys key evidence before it can be examined by the other party’s expert, the Court should dismiss the pleadings of the party responsible for spoilation, or at the very least, preclude that party from offering evidence as to the destroyed *1004 product. (Mudge, Rose, Guthrie, Alexander & Ferdon v Penguin Air Conditioning Corp., 221 AD2d 243 [dismissing plaintiffs claim due to its negligent loss of a key piece of evidence which defendants never had an opportunity to examine].) Spoilation sanctions such as those described above are not limited to cases where the evidence was destroyed willfully or in bad faith, since a party’s negligent loss can be just as fatal to the other party’s ability to present a defense. (Mudge, Rose, Guthrie, Alexander & Ferdon v Penguin Air Conditioning Corp., supra.) In Kirkland v New York City Hous. Auth. (236 AD2d 170 [1st Dept 1997]), the plaintiffs, who were family members of the deceased tenant, sued the New York City Housing Authority (NYCHA), which owned and operated her apartment building, and the manufacturer of the stove. They alleged that a defective stove had caused the fatal fire. Plaintiffs inspected the stove in connection with the action, but NYCHA never did. Six years after the main action was commenced, NYCHA began a third-party action against Vitanza, the company that had installed many of the stoves in the building, alleging defective installation. However, NYCHA had already removed the allegedly defective stove at the tenants’ request, and destroyed it, leaving Vitanza no way to examine it. (Supra, at 172-175.)
That Court dismissed NYCHA’s third-party complaint against Vitanza because the third-party plaintiff had not taken any steps to ensure preservation of the evidence on which its complaint was based. “[S]ince no act or omission of the [third-party defendant] was involved in loss of the evidence and its unavailability for critical examination and analysis, the spoilation was inexcusable to the extent that it prejudiced that party and dismissal was warranted” (Kirkland v New York City Hous. Auth., supra, at 175).
In the instant case, the plaintiffs themselves did not alter, lose or destroy key evidence before it could be examined by GM’s expert. The said vehicle was owned and under the control of the City of New York and the attorneys for the plaintiffs were well aware of this. But, they were also aware that the defendant GM would be brought in as a party defendant, and in this case more than two years from the date of their inspection.
The controlling issue in the instant case is whether, based on the facts stated above, the plaintiffs were obliged and carried the burden of notifying the defendant GM of the date and time of the initial and only inspection of the said vehicle and/or seat on March 28th, 1995, even though the plaintiffs did not *1005 own or have possession and/or control of said vehicle. This court holds and rules that under the totality of the facts herein, an obligation to notify was created and imposed on the said plaintiffs.
As in Kirkland (supra), this court need not decide the relative fault of the plaintiffs or the City of New York, with respect to the removal and/or disposal of the said vehicle. As to the defendant, GM, who was not even a party to the action at the time of the initial and only inspection and its subsequent removal and/or disposal, there was no fault.
In Kirkland (supra, at 174-175), the Court in pertinent part stated: “Other jurisdictions have found dismissal warranted when discovery orders were not violated, and even when the evidence was destroyed prior to the action being filed (see, e.g., Stubli v Big D Intl. Trucks, 107 Nev 309, 314, 810 P2d 785, 788 [Sup Ct 1991]; Graves v Daley, 172 Ill App 3d 35, 38, 526 NE2d 679, 681 [App Ct 1988]; Capitol Chevrolet v Smedley, supra), notwithstanding that the destruction was not malicious (Cincinnati Ins. Co. v Synergy Gas, 585 So 2d 822, 827 [Ala Sup Ct 1991]) or in bad faith (Thiele v Oddy’s Auto & Mar., 906 F Supp 158 [WD NY 1995]), points which bear on the case under review. Appellate courts have been rejecting an earlier view equating ‘fault’ in connection with the nonpreservation of evidence with willfulness or bad faith, and evaluating the reasonableness of the nonpreserving party’s conduct (Langley v Union Elec. Co., 107 F3d 510 [7th Cir 1997]). Many of these jurisdictions have concluded that plaintiffs should be deemed to know that potential defendants will want to inspect the device alleged to have caused the injury (Capital Chevrolet v Smedley, supra; American Family Ins. Co. v Village Pontiac GMC, 223 Ill App 3d 624, 585 NE2d 1115 [App Ct, 2d Dist 1992]). After all, the importance of the device allegedly causing the injury as a physical item of evidence is critical: ‘the physical items themselves, in the precise condition they were in immediately after an accident, may be far more instructive and persuasive to a jury than oral or photographic descriptions’ (Nally v Volkswagen of Am., 405 Mass 191, 198, 539 NE2d 1017, 1021 [1989]).”
Under analogous circumstances, we have found that since no act or omission of the party was involved in loss of the evidence and its unavailability for critical examination and analysis, the spoilation was inexcusable to the extent that it prejudiced that party and dismissal was warranted as “a matter of elementary fairness” (Healey v Firestone Tire & Rubber *1006 Co., 212 AD2d 351, 352, revd 87 NY2d 596 [dismissing manufacturing defect claim]).
The fact that problems were faced by the plaintiffs in regard to the reliance placed by them on the City of New York and D.E.P. should not be employed to unfairly compel a party which was not even a party at the time crucial evidence was lost, removed and/or disposed, to defend an action when such loss has totally compromised its ability to defend.
Accordingly, the motion of the defendant GM for summary judgment is granted and the action by the plaintiffs against the said defendant GM is dismissed with prejudice.