■ OAKBRIDGE REALTY CORP. et al., Respondents, v JERICHO WATER DISTRICT, Appellant; WORMALD U.S., Respondent, et al., Defendants. (Action No. 1.) FOUR PONDS REALTY CORP., Respondent, v JERICHO WATER DISTRICT, Appellant, et al., Defendant. (Action No. 2.)—In two consolidated negligence actions to recover damages for loss to real property, the defendant Jericho Water District appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated July 6, 1988, as denied its cross motion for summary judgment dismissing the complaints and all cross claims based upon contribution or indemnification asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion of Jericho Water District for summary judgment is granted, and the actions against the remaining defendants are severed.

The defendant Jericho Water District (hereinafter Jericho) cannot be held liable for the damages incurred by the plaintiffs as the result of a fire. While the plaintiffs maintain that the fire spread rapidly because the hydrant nearest to the fire was inoperable, Jericho, acting as a public entity, had no duty to keep its water system in proper repair for firefighting purposes unless a special relationship existed between it and the plaintiffs *(see, Steitz v City of Beacon,* 295 NY 51; *Moch Co. v Rensselaer Water Co.,* 247 NY 160; *Blancovitch v City of New York,* 131 AD2d 418). The record clearly demonstrated that Jericho had no contact with the plaintiffs, and accordingly no special relationship existed *(see, Kogel Lbr. & Supply v Suffolk County Water Auth.,* 131 AD2d 728). Lawrence, J. P., Kunzeman, Rubin and Kooper, JJ., concur.