■ GLENDORA, Appellant, v PHILIP AMICONE et al., Respondents. [624 NYS2d 928] —Appeal by the plaintiff from an order of the Supreme Court, Westchester County (Gurahian, J.), entered August 19, 1993, which granted the defendants' motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

As a general rule, municipalities are not liable for the breach of a duty unless a special relationship exists between the municipality and the plaintiff (see, Moch Co. v Rensselaer Water Co., 247 NY 160; Oakridge Realty Corp. v Jericho Water Dist., 150 AD2d 660). As a result, liability depends upon the existence of "some relationship * * * creating a duty to use due care for the benefit of particular persons or classes of persons," such as where there exists a statutory command in favor of a special class (Motyka v City of Amsterdam, 15 NY2d 134, 139). Absent such a showing, "the proper allocation of public resources * * * is a matter for the executive and legislative branches to decide" (De Long v County of Erie, 60 NY2d 296, 305).

Here, there has been no showing of a special relationship between the municipality and the plaintiff warranting the

imposition of a duty to use reasonable care for her special benefit *(see, Garrett v Holiday Inns,* 58 NY2d 253). Thompson, J. P., Lawrence, Hart and Goldstein, JJ., concur.