■ SEAN NELSON, Respondent, v CHARLES D. DONAHUE et al., Appellants. [670 NYS2d 475] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered on or about October 10, 1997, which, upon reargument, vacated the prior order of the same court and Justice, entered on or about December 20, 1996, *inter alia*, granting defendants' motion for summary judgment dismissing plaintiff's General Municipal Law § 205-a claim, reinstated the previously dismissed General Municipal Law § 205-a cause of action and adhered to the court's prior denial of defendants' motion for summary judgment dismissing plaintiff's negligence cause of action, unanimously affirmed, without costs.

Plaintiff firefighter alleged that while fighting a fire inside the subject premises, he was hit on the back by an air conditioning duct that fell from the ceiling, causing him to fall and land, twisting his knee on stock and debris that were lying in the aisle space of the store, in violation of certain municipal statutes, rules and ordinances.

Supreme Court properly reinstated plaintiff's General Municipal Law § 205-a claim since the conflicting allegations of the parties raised issues of fact with respect to whether defendants created or had notice of a condition constituting a violation of a statute, rule or ordinance and as to whether such a violation directly or indirectly caused plaintiff's harm (*O'Connell v Kavanagh*, 231 AD2d 29; *Cosgriff v City of New York*, 241 AD2d 382; *cf., McCullagh v McJunkin*, 240 AD2d 713).

As defendants commendably concede in their reply brief,

plaintiff's negligence action was properly instituted pursuant to General Obligations Law § 11-106, which significantly restricts the scope of the firefighter's rule (*see*, L 1996, ch 703; *Castro v Trost*, 237 AD2d 983). Contrary to their contention, however, Supreme Court also properly denied their motion for summary judgment dismissing this cause of action since issues of fact exist warranting a trial of the matter. Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Saxe, JJ.