■ MICHAEL F. HART, Respondent, v TONY DIPIAZZA, Appellant. [691 NYS2d 109] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (LaTorella, J.), dated February 18, 1998, which denied his motion for summary judgment

dismissing the complaint as barred by the Statute of Limitations and granted the plaintiff's cross motion to dismiss his affirmative defense based on the Statute of Limitations.

Ordered that the order is affirmed, with costs.

The 1996 amendment to General Municipal Law § 205-a (L 1996, ch 703) revived certain actions and added a subdivision providing that the section "shall be deemed to provide a right of action regardless of whether the injury or death is caused by the violation of a provision which codifies a common-law duty" (General Municipal Law § 205-a [3]). Since the plaintiff's complaint alleged a violation of Administrative Code of the City of New York §§ 27-127, 27-128, which merely restate common-law duties with respect to premises maintenance (see, Farrington v City of New York, 240 AD2d 697), we agree with the Supreme Court that the 1996 amendment revived the plaintiff's action, and that it was not barred by the three-year Statute of Limitations set forth in CPLR 214 (5) or (2). S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.