■ CHRISTOPHER JOHNSON, Respondent, v GEORGE A. FULLER COMPANY et al., Appellants, et al., Defendants. (And a Third-Party Action.) [699 NYS2d 348] —Order, Supreme Court, New York County (Louis York, J.), entered on or about January 13, 1999, which, *inter alia,* denied appellants' motions for summary judgment dismissing plaintiff's General Municipal Law § 205-e and General Obligations Law § 11-106 claims, unanimously affirmed, without costs.

Plaintiff, while serving as New York City police detective, was allegedly injured at a construction site as he attempted to rescue two homeless men from a fire set with construction debris. As the predicate for his General Municipal Law § 205-e claim against defendant general contractor George A. Fuller Company and defendant subcontractor Regional Scaffolding & Hoisting, Inc., plaintiff alleges that those defendants failed to comply with the construction site waste control standards set forth in Administrative Code of the City of New York § 27-1019. Section 27-1019, which may serve as a predicate for General Municipal Law § 205-e liability (*see, Clow v Fisher,* 228 AD2d 11; *O'Grady v New York City Hous. Auth.,* 259 AD2d 442), provides in relevant part that "[c]ombustible waste material or combustible debris shall not be permitted to accumulate, and shall be removed from the site at reasonable intervals, in accordance with the requirements of the fire department" (§ 27-1019 [a]). While Fuller and Regional assert that there was no proof that they permitted accumulations of construction debris in violation of section 27-1019, that the fire emanated from City-owned disposal carts, and that there was no reasonable or practical connection between plaintiff's injuries and any violation of section 27-1019 since plaintiff's injury was attributable

to the independent and superseding acts of homeless men in a public area, the record shows that Fuller had overall responsibility for coordinating safety, including the removal of construction debris, that Fuller's construction manager had deemed the area where the fire occurred to be "an attractive nuisance" and to constitute a "dangerous situation", that Regional had been repeatedly reprimanded with respect to its handling of debris and was aware that homeless persons camped out and set fires at the site, and that plaintiff testified at his examination before trial that the burning debris included "construction debris" and "different types of building material". This evidence raised triable issues of fact as to whether said defendants were in violation of Administrative Code § 27-1019 and, if they were, as to whether such violation directly or indirectly caused plaintiff's harm (see, Burgos v Aqueduct Realty Corp., 92 NY2d 544; Nelson v Donahue, 248 AD2d 329; O'Connell v Kavanagh, 231 AD2d 29). Contrary to Regional's contention, it is not absolved of liability because Fuller assumed contractual responsibility for removal of debris (see, Andreaccio v Unique Parking Corp., 158 AD2d 222).

As the predicate to his General Municipal Law § 205-e claim against defendant security guard company Professional Security Bureau, Inc. (Professional), plaintiff asserts that Professional did not have competent watchmen on duty as required by Administrative Code § 27-1024. Inasmuch as the Administrative Code requirement of competent watchmen at construction sites is, in significant part, for the purpose of preventing fires injurious to persons and property (see, Administrative Code §§ 27-1024, 27-1007), the violation of Administrative Code § 27-1024 may serve as a predicate for plaintiff's General Municipal Law § 205-e claim against Professional, and, in light of the evidence indicating that Professional's employees failed to observe the fire, the crowd around the fire or the police and firefighters responding to fire, there are triable issues as to competence of those employees, and, accordingly, as to whether Professional may be held accountable for plaintiff's harm pursuant to General Municipal Law § 205-e and General Obligations Law § 11-106.

Finally, we do not find persuasive the argument that the intervening act of homeless persons in setting the fire could not have been reasonably foreseen. There is evidence that Fuller and Regional were aware that homeless persons camped in the area where the fire occurred and had been starting fires to keep warm. Under these circumstances, it cannot be said that the subject fire and plaintiff's injuries were unforeseeable

as a matter of law (*see, Billsborrow v Dow Chem.*, 177 AD2d 7, 17).

We have considered appellants' other arguments and find them unavailing. Concur—Williams, J. P., Lerner, Rubin and Saxe, JJ.