OPINION OF THE COURT
William E. Sherwood, J.
The plaintiffs bring this action against Tilcon New York Inc. (Tilcon), and Accurate Security Company, Inc. (Accurate) for personal injuries sustained by the infant plaintiff, Michael Scanlan, Jr., at the Tilcon Tomkins Cove rock quarry. Michael Scanlan, Sr. has asserted a derivative claim for loss of services of his son and to recover medical expenses.
On October 12, 1997 at approximately 5:00 p.m., the infant plaintiff and several friends left a birthday party at a friend’s house and entered the adjoining Tomkins Cove rock quarry owned and operated, by Tilcon. They entered the premises by walking through a hole, two to four feet wide and approximately six feet high, in Tilcon’s chain link fence. The group walked to the quarry pit area where one of the plaintiff’s friends intentionally slid down approximately 20 feet on a hill of rocks. The plaintiff attempted to do the same. During the plaintiff’s slide down the hill, a large rock, approximately three feet in diameter, rolled down the hill behind the plaintiff and rolled over his right upper extremity causing injury.
Tilcon and Accurate now move for summary judgment dismissing all claims against them.
The proponent of a summary judgment motion must establish his or her claim or defense sufficient to warrant a court directing judgment in its favor as a matter of law, tendering sufficient evidence to demonstrate the lack of material issues of fact. (Alvarez v Prospect Hosp., 68 NY2d 320 [1986].) The failure to do so requires a denial of the motion without regard to the sufficiency of the opposing papers. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985].) However, once such a showing has been made the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form demonstrating material questions of fact requiring trial. (Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966 [1988]; Zuckerman v City of New York, 49 NY2d 557 [1980].) Mere conclusions or unsubstantiated allegations unsupported by competent *227 evidence are insufficient to raise a triable issue (see, Gilbert Frank Corp., 70 NY2d 966; Alvarez, 68 NY2d 320). The task of the court on a motion for summary judgment “is not to resolve issues of fact or determine matters of credibility but merely to determine whether such issues exist” (Daliendo v Johnson, 147 AD2d 312, 317 [2d Dept 1989]). Thus, before the court may grant summary judgment, it must clearly appear that no material triable issue of fact is presented.
On Accurate’s motion, the submission in support of the motion has established Accurate’s entitlement to judgment thereby shifting the burden to plaintiffs and Tilcon to rebut that showing by submitting proof in evidentiary form showing the existence of triable issues of fact. Here, the opposition to Accurate’s motion fails to establish the existence of triable issues of fact and the motion must be granted.
On Tilcon’s motion, the papers submitted in opposition to the application present sufficient evidence showing the existence of triable issues of fact and the motion must be denied.
Accurate’s Motion for Summary Judgment
Accurate has moved for summary judgment as to the plaintiffs’ claims and as to Tilcon’s cross claims. Tilcon asserts six cross claims against Accurate. The first two cross claims allege breach of contract for failure to adequately patrol the premises as required by the contract and for failure to properly indemnify Tilcon as required by the contract. The remaining cross claims are for negligence and allege that Accurate failed to use reasonable care in patrolling the premises, failed to exclude unauthorized personnel from the premises, was negligent in patrolling the premises and was negligent in failing to notify Tilcon of the hole in the fence.
Accurate contends that it owed no duty of care to the plaintiff since there was no expression in the contract of an intent to confer a mutual benefit on members of the general public and no privity of contract between Accurate and the plaintiff. Plaintiff, citing Johnson v Fuller (266 AD2d 158 [1st Dept 1999]), argues that Accurate can be held liable to plaintiff, irrespective of privity of contract. However, as Accurate correctly points out, Johnson was concerned with whether a violation of the Administrative Code of the City of New York would serve as a predicate for the plaintiff’s claim under section 205-e of the General Municipal Law. Here, there is no allegation that Accurate violated any statute or code.
The plaintiffs claims against Accurate sound in negligence. Accurate owed no duty to the plaintiff as the contract between Tilcon and Accurate contained “no provision specifically creating an obligation to plaintiff as a member of *228 the general public.” (Haigler v City of New York, 135 AD2d 362, 363 [1st Dept 1987].) Even if the plaintiff had been lawfully present on the premises, plaintiff would not be entitled to recover absent privity of contract. (Buckley v I.B.I. Sec. Serv., 157 AD2d 645 [2d Dept 1990] [security company not liable where security guard armed only with “walkie talkie” refused to intervene when plaintiff was injured in physical confrontation with defendant].) Accordingly, Accurate’s motion for summary judgment on the plaintiffs’ claims is granted.
Accurate has also moved for summary judgment with respect to Tilcon’s cross claims. The third through sixth cross claims sound in negligence and are “merely * * * restatement [s], albeit in slightly different language, of the ‘implied’ contractual obligations asserted in the cause of action for breach of contract.” (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 390 [1987].) Tilcon’s negligence allegations do not establish an independent basis for Accurate’s tort liability to Tilcon. Accordingly, Accurate’s motion for summary judgment is hereby granted with respect to Tilcon’s third through sixth cross claims.
Tilcon’s second cross claim is for breach of contract alleging that Accurate failed to include Tilcon as an additional insured on Accurate’s liability policy. Accurate has produced a certificate of liability insurance, covering the affected period, which shows “Tilcon New York Inc.” as an additional insured. This submission has not been contested by Tilcon. Therefore, Accurate’s motion for summary judgment with respect to Tilcon’s second cross claim is granted.
Tilcon’s remaining cross claim is also for breach of contract, alleging that Accurate breached the contract by failing to adequately patrol the premises. The agreement between Accurate and Tilcon consisted of a 1993 master contract that was renewed annually with modifications as necessary. The supplementary contract in place at the time of plaintiffs injury was dated December 5, 1996. John Schlasser, the president of Accurate, testified that each agreement was a separate contract. However, regardless of whether the agreements are viewed as one or as separate contracts, the outcome is the same.
The 1993 contract listed the patrol duties of the security officer at the Tomkins Cove plant. Specifically, the contract listed the four stations (consisting of seven specific sites) that the security officer was to cover while on patrol. The security officer would use a wand device to record his or her presence at each station during the tour. The duties at these stations included, inter alia, “check on unauthorized personnel near machines, hanging around tops of banks surrounding pit area” and other *229 requirements to check equipment and facilities. (See 1993 Tilcon/Accurate contract.)
Tilcon argues that it was Accurate’s responsibility to patrol and guard the quarry and to ensure that the Tilcon quarry was in a reasonably safe condition. Tilcon also contends that it relied upon the security surveillance by Accurate to patrol Tilcon’s property and prevent incursions into Tilcon’s property. These contentions are not supported by the terms of the contract, nor by the record.
The nature and extent of the security to be provided by Accurate at the Tilcon quarry was initially determined by Tilcon, as the contracting landowner. Accurate was required to provide one security officer per shift. This officer was to conduct a minimum of three tours during the shift, covering the seven sites indicated in the contract. According to the testimony of Manuel De Cuhna (Tilcon’s director of security and facilities), the Til-con Tomkins Cove property is approximately 200 acres. The contract makes no mention of inspection of perimeter fencing by Accurate. To the contrary, according to Don Noto (Tilcon’s plant superintendent at the time), the responsibility for checking the perimeter fencing belonged to Tilcon employees. Part of Mr. Noto’s monthly routine was to inspect the perimeter along with another employee. If a hole in the fence was discovered, Tilcon would make the repairs to the fence, or contact the appropriate Tilcon authorities if the job was too large for employees to repair. Mr. Noto testified that he knew of no other person that had a duty to check the perimeter during the month. Manuel De Cuhna also testified that it was not his understanding that Accurate was to patrol the fence line or make repairs to the fence.
The record contains no evidence that Accurate was responsible for patrolling or inspecting the perimeter fence where the hole was located, nor is there any evidence that Accurate was aware of the condition and failed to report it or was otherwise negligent in failing to detect it.
Accurate’s failure to detect the plaintiff and his friends trespassing on the Tilcon property does not amount to a breach of contract. Accurate’s responsibilities under the contract were to check the seven sites and take appropriate action if unusual conditions were discovered on the Tilcon premises. Accurate’s lone security officer could not have reasonably been expected to completely exclude or discover every person trespassing on this 200 acre property. Rather, Accurate’s responsibility was to take appropriate action if trespassers or other unusual conditions were observed. Here, the plaintiff and his friends were present on the property for approximately 20 minutes prior to *230 the plaintiffs injury. No evidence has been presented that the security officer saw or should have seen these individuals.
Tilcon does not contend or present evidence that Accurate failed to conduct the inspections required by the contract; rather, it argues, in essence, that Accurate has breached the contract because the plaintiff and his friends were present on the premises. There is no evidence submitted showing that Accurate failed to comply with its contractual duties to patrol the seven sites listed in the contract. The contract required Accurate to “check for * * * unauthorized personnel” and to “check on unauthorized personnel * * * ” on the property. The presence of the plaintiff and his friends on the premises does not establish a breach of these contractual obligations.
Accordingly, Accurate’s motion for summary judgment is also granted as to Tilcon’s cross claims.
Tilcon’s Cross Motion for Summary Judgment
Tilcon contends that it maintained its property in a reasonably safe condition and that it owed no duty to the plaintiff because the plaintiff was an unforeseeable trespasser. Tilcon further contends that its actions were not the proximate cause of plaintiffs injuries. In opposition, plaintiffs argue that Tilcon owed- the plaintiff a duty, despite his status as a trespasser, and that Tilcon has failed to establish the absence of proximate cause.
In 1976, the Court of Appeals decided three cases addressing issues of landowner liability: Basso v Miller (40 NY2d 233 [1976]), Scurti v City of New York (40 NY2d 433 [1976]) and Barker v Parnossa, Inc. (39 NY2d 926 [1976]). In Basso (40 NY2d 233) the Court held that “[a] landowner must act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk.” (40 NY2d 233, 241.) The Court held that the factors that had previously provided immunity and exceptions for landowners would no longer be decisive. (Scurti, 40 NY2d 433, 441.) However, the Court went on to say that most of the factors “have some probative value and to that extent they will continue to have some relevance in determining whether, under all the facts and circumstances, there has been a breach of duty.” (Id.) In Barker (39 NY2d 926), the Court held that the fact that an infant was trespassing on the defendant’s property was not conclusive, but is a factor in determining liability. (Id. at 927.)
As a threshold matter, this court must decide “whether the facts will support an inference of negligence or lack of negligence.” (Scurti, 40 NY2d at 442.) A landowner is required *231 to “take reasonable measures to prevent injury to those whose presence on the property can reasonably be foreseen.” (Id. at 441-442.) The plaintiff’s status as a trespasser is also relevant and may show that plaintiff was not foreseeable. (Basso, 40 NY2d at 241; Scurti, 40 NY2d at 442.) “[T]he likelihood of one entering without permission depends on the facts of the case including the location of the property in relation to populated areas, its accessibility and whether there have been any prior incidents of trespassing in the area where the injury occurred.” (40 NY2d at 442.)
Here, the relevant portion of the Tilcon property abutted a residential development. While there was a fence dividing the Tilcon property from Lighthouse Court, there was a hole in the fence allowing plaintiff access to Tilcon’s property. There is conflicting evidence as to whether there was a worn path leading from the hole in the fence to the quarry itself. Evidence was presented concerning prior instances of trespassing. Mr. Noto testified to his knowledge of six instances of the presence of trespassers on the property during his four years as plant superintendent and was aware of some dirt bikes having been present on the premises. Manuel De Cuhna did not personally observe trespassers, but testified that he was aware that trespassers had been observed in the quarry prior to October of 1997. The record is lacking with respect to the ages of these observed trespassers. The age of the plaintiff must be considered “in view of the ‘well-known propensities of children to climb and play’ ” (Scurti, 40 NY2d at 442, citing Collentine v City of New York, 279 NY 119, 125).
The existence of the opening in the fence, the existence or absence of a well worn path to the quarry from the fence, and the presence of prior trespassers are relevant factors in determining whether the plaintiff's presence was foreseeable. Tilcon’s duty to the plaintiff will “vary with the likelihood of [the] plaintiffs presence at the particular time and place of the injury.” (Basso, 40 NY2d at 241.) However, based on the facts of this case, the determination as to whether the parties here exercised reasonable care under the circumstances cannot be decided as a matter of law. The determination of whether the conditions in the quarry were latent or open, whether the plaintiffs own acts contributed to the injury, or whether a combination of these factors was the proximate cause of the plaintiffs injuries is one for the factfinder. While the court determines that a duty exists, the factfinder “determines whether and to what extent a particular duty was breached * * * .” (Tagle v Jakob, 97 NY2d 165, 168 [2001].) Accordingly, Tilcon’s cross motion for summary judgment must be denied.
*232 All claims and cross claims against Accurate are hereby severed and Accurate may enter judgment, without further direction or order of this court, dismissing the complaint and Tilcon’s cross claims against it.