■ JOSEPH BRENNAN, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. (And a Third-Party Action.) [756 NYS2d 73] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 6, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a firefighter, alleged that he was injured on October 20, 1995, while responding to a natural gas explosion and fire. The explosion and fire occurred in an apartment in the Marlborough Houses in Brooklyn, a housing project owned and operated by the defendant New York City Housing Authority (hereinafter the Housing Authority). The plaintiff allegedly was injured when part of a collapsed interior wall gave way from underneath him, causing him to fall. The third-party defendant, Candido Rivera, admitted that on October 19, 1995, he stole a stove from the subject apartment and removed the hose from the gas line, which allowed gas to leak into the apartment. The plaintiff commenced this action to recover damages under General Municipal Law § 205-a and for common-law negligence alleging, inter alia, that had the Housing Authority promptly responded to tenant complaints of an odor of gas and notified the fire department, the explosion would not have occurred. The plaintiff predicates liability under General Municipal Law § 205-a on the alleged violations by the Housing Authority of a provision of the New York State Uniform Fire Prevention and Building Code which mandates that "[t]he

fire department shall be promptly notified * * * upon discovery or being apprised of an uncontrolled hazardous gas leak" (9 NYCRR 1196.1 [b]) and Administrative Code of the City of New York §§ 27-127 and 27-128, which provide generally that the owner of a building must maintain it in a safe condition. The Supreme Court denied the Housing Authority's motion for summary judgment dismissing the complaint. We affirm.

After the Housing Authority made out a prima facie case for summary judgment dismissing the General Municipal Law § 205-a cause of action, the affidavit submitted by the plaintiff's expert raised a triable issue of fact as to whether there is any practical or reasonable connection between the alleged predicate violations and the plaintiff's injuries (see Mullen v Zoebe, Inc., 86 NY2d 135 [1995]; Zanghi v Niagara Frontier Transp. Commn., 85 NY2d 423 [1995]). The Housing Authority contends that liability may not be imposed under General Municipal Law § 205-a for the alleged violations that caused the explosion in the first instance. We disagree. The 1996 amendments to General Municipal Law § 205-a added a new subdivision (3) which provides injured firefighters with a right of recovery "regardless of whether the injury * * * is caused by the violation of a provision which codifies a common-law duty and regardless of whether the injury * * * is caused by the violation of a provision prohibiting activities or conditions which increase the dangers already inherent in the work of any officer, member, agent or employee of any fire department" (General Municipal Law § 205-a [3], L 1996, ch 703, § 3). Accordingly, contrary to the contentions of the Housing Authority, both 9 NYCRR 1196.1 (b) and Administrative Code §§ 27-127 and 27-128 are sufficient predicates for a General Municipal Law § 205-a cause of action (see Hart v DiPiazza, 262 AD2d 283 [1999]; Capuano v Platzner Intl. Group, 260 AD2d 527 [1999]; Clow v Fisher, 228 AD2d 11 [1997]).

As the Housing Authority correctly concedes in its reply brief, since the enactment of General Obligations Law § 11-106, the plaintiff's common-law negligence cause of action is no longer barred by the so-called "firefighters' rule" (see L 1996, ch 703; Galapo v City of New York, 95 NY2d 568, 573 [2000]; Cammilleri v S & W Realty Assoc., 243 AD2d 530 [1997]). Contrary to its contention, however, the new legislation provides for a common-law cause of action against negligent landowners in situations such as that presented here (see Johnson v Fuller Co., 266 AD2d 158 [1999]). As with the plaintiff's General Municipal Law § 205-a claim, the expert affidavit submitted by the plaintiff raised triable issues of fact as to whether the Hous-

ing Authority's alleged negligence in responding to or investigating tenant complaints of an odor of gas and in failing to notify the fire department was a substantial factor in causing the plaintiff's injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]). Ritter, J.P., Altman, S. Miller and Townes, JJ., concur.