■ WILLIAM HOWELL et al., Appellants, et al., Plaintiff, v MASSAPEQUA FIRE DISTRICT et al., Respondents. [760 NYS2d 679] —In an action to recover for property damage arising out of a fire, the plaintiffs William Howell, Margaret Howell, BPJ Marine Corporation, doing business as "Gus Marina," Joseph Javino, and Mary Javino appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated April 16, 2002, as granted that branch of the motion of the defendant Massapequa Fire District which was for summary judgment dismissing the complaint insofar as asserted by them and against it, (2) from an order of the same court entered May 31, 2002, which granted that branch of the motion of the defendant Massapequa Water District which was for summary judgment dismissing the complaint insofar as asserted by them and against it, and (3) from a judgment of the same court entered June 14, 2002, which, upon the order entered May 31, 2002, dismissed the complaint insofar as asserted against the defendant Massapequa Water District.

Ordered that the appeal from the order entered May 31, 2002, is dismissed; and it is further,

Ordered that the order dated April 16, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that the judgment entered June 14, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order entered May 31, 2002, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in favor of the defendant Massapequa Water District in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On April 25, 1987, a fire damaged the business and residence located at One Alhambra Road in Massapequa. The appellants alleged that the defendants, Massapequa Water District (hereinafter the Water District) and Massapequa Fire District (hereinafter the Fire District), were negligent in permitting the fire hydrant on the premises to remain in an unsafe and inoperable condition. They further alleged that the Fire District was negligent in failing to take necessary precautions in fighting the fire, in failing to "utilize adequate equipment," in failing to properly "safeguard the plaintiffs," and in failing to use reasonable care. The Supreme Court granted summary judgment in favor of the defendants, and these appeals ensued.

The Fire District met its initial burden by demonstrating that the appellants failed to establish the existence of a special relationship (*see Cuffy v City of New York,* 69 NY2d 255 [1987]; *Sandstrom v Rodriguez,* 221 AD2d 513 [1995]; *Bishop v Bostick,* 141 AD2d 487 [1988]). The Fire District, which utilized volunteer firefighters, further demonstrated that it could not be held liable because its actions did not constitute wilful negligence or malfeasance (*see* General Municipal Law § 205-b). The Water District also met its initial burden by demonstrating that the appellants failed to establish the existence of a special relationship (*see Oakbridge Realty Corp. v Jericho Water Dist.,* 150 AD2d 660 [1989]; *Kogel Lbr. & Supply v Suffolk County Water Auth.,* 131 AD2d 728 [1987]). In opposition, the appellants failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly granted summary judgment to the defendants. Feuerstein, J.P., Friedmann, Luciano and Townes, JJ., concur.