MICHAEL ALDRICH et al., Appellants, v VERA L. SAMPIER et al., Respondents. [769 NYS2d 338]—

Kane, J. Appeal from an order of the Supreme Court (Demarest, J.), entered September 26, 2002 in St. Lawrence County, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff Michael Aldrich (hereinafter plaintiff), a deputy sheriff, was driving his marked police vehicle north on a two-lane road. Defendant Billy J. La Prade, traveling south on the same road, passed some vehicles by moving into the northbound lane. La Prade's vehicle returned to the southbound lane shortly before he reached plaintiff's vehicle. Plaintiff slowed his vehicle, pulled to the right shoulder of the road and activated his lights. As plaintiff attempted to make a U-turn to pursue La Prade, without utilizing his directional or otherwise signaling his intention to reenter the roadway and turn, his car was hit by defendant Vera L. Sampier, who was traveling north behind plaintiff. Plaintiff and his wife, derivatively, commenced this action against Sampier and La Prade alleging common-law negligence and claims under General Municipal Law § 205-e. Both defendants moved for summary judgment and plaintiffs cross-moved for summary judgment. Supreme Court granted defendants' motions, resulting in plaintiffs' appeal.

Supreme Court properly dismissed the General Municipal Law § 205-e claim against Sampier. That statute provides police officers injured in the line of duty a right of recovery against

any person whose act or omission in failing to comply with a statute, ordinance or other governmental regulation directly or indirectly causes such injury (see General Municipal Law § 205-e [1]). Sampier could not have violated Vehicle and Traffic Law § 1129 by following too closely, as she was not following another vehicle once plaintiff pulled off the roadway onto the shoulder. She also did not violate Vehicle and Traffic Law § 1144 by failing to yield to an emergency vehicle. That statute did not apply because plaintiff's police car was not approaching her (see Vehicle and Traffic Law § 1144 [a] [requiring vehicle to pull over upon "approach" of emergency vehicle]). As Sampier did not violate any statute, General Municipal Law § 205-e does not apply.

Supreme Court also properly dismissed the common-law negligence claim against Sampier. Although she admitted that she believed plaintiff intended to turn his vehicle around and pursue La Prade, a reasonable person in her position would have thought that plaintiff was planning to turn around and pursue the reckless driver after the traffic cleared. Plaintiff's sudden and unannounced U-turn into the flow of traffic was unanticipated. Under the circumstances, Sampier did not act negligently in attempting to proceed past plaintiff's vehicle.

Plaintiffs' General Municipal Law § 205-e claim against La Prade was improperly dismissed, however. A valid claim under that statute requires the plaintiff to identify the statute or ordinance which the defendant violated, describe the manner in which the police officer was injured, and set forth facts creating the inference that the defendant's actions directly or indirectly caused the harm to the officer (see Giuffrida v Citibank Corp., 100 NY2d 72, 79 [2003]; Sconzo v EMO Trans, 295 AD2d 493, 494 [2002]; Balsamo v City of New York, 287 AD2d 22, 26 [2001]). Proving that the defendant's violation was an "indirect cause" does not require the same amount of proof as proximate cause in common-law negligence, but requires a practical or reasonable connection between the statutory or regulatory violation and the injury (see Giuffrida v Citibank Corp., supra at 81). La Prade's conviction for reckless driving established a statutory violation. This violation of law led plaintiff, as a police officer, to respond and pursue La Prade. While attempting to turn the police vehicle to begin pursuit, the accident occurred (see Baiamonte v Buongiovanni, 207 AD2d 324, 325 [1994]). Thus, an indirect connection between La Prade's statutory violation and plaintiff's injuries was raised, creating a jury question regarding the sufficiency of that connection (see Giuffrida v Citibank Corp., supra at 80-81; Johnson v Fuller Co., 266 AD2d

158, 158-159 [1999]; *Clow v Fisher*, 228 AD2d 11, 13-14 [1997]). As comparative fault is not a defense in a General Municipal Law § 205-e action (*see Giuffrida v Citibank Corp., supra* at 83), if the jury finds a sufficient connection, La Prade will be responsible for all damages that plaintiffs establish.

Plaintiffs' common-law negligence cause of action against La Prade was properly dismissed. La Prade's reckless driving cannot be considered a proximate cause of plaintiff's accident. Sampier's actions in attempting to pass and colliding with plaintiff's vehicle, along with plaintiff's actions in failing to notice Sampier's vehicle or signal his intention to pull out or turn, constituted intervening, superceding events which severed the ties necessary for proximate causation.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant Billy J. La Prade's motion for summary judgment on the General Municipal Law § 205-e cause of action; said motion denied to that extent; and, as so modified, affirmed.