■ ERNEST F. GREEN, Respondent-Appellant, v STEVEN L. PETERSON, Respondents, WOODFORD BROS., INC., Appellant-Respondent, and CROUSE CONSTRUCTION, INC., Respondent-Appellant. WOODFORD BROS., INC., Third-Party Plaintiff-Respondent-Appellant, v KIRKVILLE FIRE DISTRICT et al., Third-Party Defendants-Appellants, and TOWN OF SULLIVAN FIRE DISTRICT, Third-Party Defendant-Respondent. [787 NYS2d 759]—

Appeals and cross appeals from an order of the Supreme Court, Onondaga County (John V. Centra, J.), entered March 23, 2004. The order, inter alia, granted in part and denied in part the cross motions of defendants Woodford Bros., Inc. and Crouse Construction, Inc. for summary judgment, granted the motion of defendants Steven L. Peterson and Leroy Peterson for summary judgment dismissing the amended complaint against them, denied the motions of third-party defendants Kirkville Fire District and Village of Minoa-Minoa Fire Department for summary judgment dismissing the third-party complaint against them, and granted the motion of third-party defendant Town of Sullivan Fire District for summary judgment dismissing the third-party complaint and the cross claims of defendant Crouse Construction, Inc. against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying in part the motion of defendants Steven L. Peterson and Leroy Peterson and reinstating the first and sixth causes of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained while fighting a fire as a volunteer for the Minoa Fire Department, one of several fire departments/districts that responded to the scene of the fire. Plaintiff was injured by the collapse of a pile of burning silage from a farm silo that was being demolished by private contractors hired by the farm owners in conjunction with and in aid of the firefighting efforts. Plaintiff commenced this action against the farm owners, Steven L. Peterson and Leroy Peterson (Petersons); the demolition contractor, Woodford Bros., Inc. (Woodford); and the equipment supply contractor, Crouse Construction, Inc. (Crouse). Woodford commenced a third-party action against Kirkville Fire District (Kirkville), Village of Minoa-Minoa Fire Department (Minoa), and Town of Sullivan Fire District (Sullivan), seeking common-law indemnification and contribution. Crouse interposed cross claims for contribution and common-law indemnification against the Petersons and Woodford and also interposed what it termed a "cross claim" against Kirkville, Minoa and Sullivan for that same relief. The Petersons likewise interposed what they termed "cross claims" for contribution and common-law indemnification against Kirkville, Minoa and Sullivan.

We conclude that Supreme Court properly denied those parts of the cross motion of Woodford for summary judgment dismissing the causes of action against it for common-law negligence and the violation of General Municipal Law § 205-a and General

Obligations Law § 11-106. We further conclude that the court properly granted that part of the motion of the Petersons for summary judgment dismissing the cause of action against them for the violation of General Municipal Law § 205-a. We conclude, however, that the court erred in granting those parts of the motion of the Petersons for summary judgment dismissing the causes of action for common-law negligence and the violation of General Obligations Law § 11-106 against them. Although the Petersons cannot be held liable for the manner in which the silo was razed by the independent contractors, there is a triable issue of fact concerning whether the Petersons were negligent in creating and allowing a dangerous condition on their property and whether such alleged negligence caused plaintiff's injuries (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 80-82 [2003]; *Abad v Altieri*, 1 AD3d 1040, 1041 [2003]; *Brennan v New York City Hous. Auth.*, 302 AD2d 483, 484-485 [2003]). We therefore modify the order by denying the motion of the Petersons in part and reinstating the causes of action for common-law negligence and the violation of General Obligations Law § 11-106 against them.

We conclude that the court properly granted that part of the motion of Sullivan for summary judgment dismissing the third-party complaint against it (*see* General Municipal Law § 205-b; *Howell v Massapequa Fire Dist.*, 306 AD2d 317, 318 [2003]). We further conclude that the court properly denied those parts of the cross motion of Crouse for summary judgment dismissing the causes of action for common-law negligence and the violation of General Municipal Law § 205-a and General Obligations Law § 11-106 against it (*see Abad*, 1 AD3d at 1041; *Brennan*, 302 AD2d at 484-485).

In addition, we conclude that the court properly denied the respective motions of Kirkville and Minoa for summary judgment dismissing the third-party complaint against them. As the court concluded, there are triable issues of fact with regard to various elements of the test for ascertaining whether the municipal entities, which are sought to be held liable for the negligent performance of a discretionary governmental function, were in the requisite special relationship with, and thus owed the requisite duty to, either plaintiff (*see Lauer v City of New York*, 95 NY2d 95, 102 [2000]; *Kircher v City of Jamestown*, 74 NY2d 251, 257 [1989]; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]) or Woodford, the impleading defendant (*see Garrett v Holiday Inns*, 58 NY2d 253, 261 [1983]).

With respect to the cross appeal of plaintiff, we conclude that the court properly granted the respective motion and cross mo-

tions of defendants for summary judgment dismissing the causes of action alleging the violation of Labor Law §§ 200, 240 (1) and § 241 (6). ''Because [plaintiff] was not an 'employee' or 'employed' at this site, was not a 'mechanic, workingman or laborer working for another for hire' (Labor Law § 2 [5]) nor one 'permitted or suffered to work' (Labor Law § 2 [7]) at the place of the occurrence[,] he cannot be considered to have been within the class of persons 'employed therein or lawfully frequenting' the premises entitled to the protection afforded by the 'flat and unvarying duty' imposed by the Labor Law'' (*Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 577 [1990]; *see Hale v Odd Fellow & Rebekah Health Care Facility*, 302 AD2d 948, 949 [2003]; *Fonzi v Beishline*, 270 AD2d 912, 914 [2000]). Present—Pigott, Jr., P.J., Green, Kehoe, Smith and Hayes, JJ.