■ MAUREEN CERATI, Respondent, v OSCAR I. BERRIOS et al., Appellants, et al., Defendants. [878 NYS2d 160]—

In an action to recover damages for personal injuries, the defendants Oscar I. Berrios and Marta T. Berrios appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), entered December 10, 2007, as denied that branch of their motion which was for summary judgment dismissing the second cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

A police officer injured in the line of duty seeking to recover under General Municipal Law § 205-e must "identify a statute or ordinance with which the defendant failed to comply," and must "set forth facts from which it may be inferred that the defendant's negligence directly or indirectly caused" his or her injuries (*Link v City of New York*, 34 AD3d 757, 758 [2006]; *see Giuffrida v Citibank Corp.*, 100 NY2d 72, 79 [2003]). "Proving that the defendant's violation was an 'indirect cause' does not require the same amount of proof as proximate cause in common-law negligence, but requires a practical or reasonable connection between the statutory or regulatory violation and the injury" (*Aldrich v Sampier*, 2 AD3d 1101, 1103 [2003]; *see Giuffrida v Citibank Corp.*, 100 NY2d at 81; *Williams v City of New York*, 256 AD2d 332 [1998]). Here, the appellants failed to establish, prima facie, the lack of connection between the statutory violation at issue and the plaintiff's injuries (*see Aldrich v Sampier*, 2 AD3d at 1103; *cf. Kenavan v City of New York*, 267 AD2d 353, 356 [1999]). Accordingly, that branch of the appellants' motion which was for summary judgment dismissing the second cause of action, which alleged that they are liable under General Municipal Law § 205-e, was properly denied regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.