■ JASON ALCALDE, Appellant, v LEO RILEY, JR., et al., Defendants, and JACQUELINE RILEY, Respondent. (And a Third-Party Action.) [902 NYS2d 149]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Flaherty, J.), dated July 20, 2009, which granted the motion of the defendant Jacqueline Riley for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Jacqueline Riley for summary judgment dismissing the complaint insofar as asserted against her is denied.

The plaintiff firefighter commenced this action against, among others, the defendant homeowner Jacqueline Riley (hereinafter Riley) to recover damages for personal injuries he allegedly sustained while responding to a fire at Riley's single-family home in Queens. According to Riley's affidavit in support of her motion for summary judgment dismissing the complaint insofar as asserted against her, she did not occupy the home at the time of the fire because the home was under repair. Riley had contracted with the third-party defendant V&W Services, Inc. (hereinafter V&W), to repair the roof. V&W had in turn subcontracted with the third-party defendants PMK Roofing and Piodr Olejnick as subcontractors. According to the fire incident report, the fire originated in combustible roofing material on the roof of the first-floor rear setback at the juncture of the setback. The report also indicated that the cause of the fire was the reckless use of an open flame (torch).

The complaint asserted causes of action alleging violations of General Municipal Law § 205-a and sounding in common-law negligence. Riley moved for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court granted the motion. We reverse.

General Municipal Law § 205-a provides a right of action for firefighters *where the negligence of any person in failing to comply with the requirements of any of the statutes, ordinances, or rules of the federal, state, or local governments directly or indirectly caused the firefighter's injury or death during the discharge of his or her duty* (*see Giuffrida v Citibank Corp.*, 100

NY2d 72, 77 [2003]; *Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 441 [1995]). A firefighter injured in the line of duty seeking to recover under General Municipal Law § 205-a must "identify a statute or ordinance with which the defendant failed to comply," and must "set forth facts from which it may be inferred that the defendant's negligence directly or indirectly caused" his or her injuries (*Link v City of New York*, 34 AD3d 757, 758 [2006] [internal quotation marks omitted]; *see Giuffrida v Citibank Corp.*, 100 NY2d at 77). "Proving that the defendant's violation was an 'indirect cause' does not require the same amount of proof as proximate cause in common-law negligence, but requires a practical or reasonable connection between the statutory or regulatory violation and the injury" (*Aldrich v Sampier*, 2 AD3d 1101, 1103 [2003]; *see Giuffrida v Citibank Corp.*, 100 NY2d at 81; *Williams v City of New York*, 256 AD2d 332 [1998]).

Here, Riley failed to establish her prima facie entitlement to judgment as a matter of law by demonstrating the lack of connection between the statutory violations alleged and the plaintiff's injuries (*see Aldrich v Sampier*, 2 AD3d at 1103; *Kenavan v City of New York*, 267 AD2d 353, 355 [1999]). Riley's failure to make such a prima facie showing required a denial of that branch of the motion which was for summary judgment dismissing the cause of action alleging violations of General Municipal Law § 205-a insofar as asserted against her regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Thus, that branch of Riley's motion should have been denied.

Pursuant to General Obligations Law § 11-106, "[i]n addition to any other right of action or recovery otherwise available under law, whenever any . . . firefighter suffers any injury, disease or death while in the lawful discharge of his official duties and that injury, disease or death is proximately caused by the neglect, willful omission, or intentional, willful or culpable conduct of any person or entity, other than that . . . firefighter's employer or co-employee, the . . . firefighter suffering that injury . . . may seek recovery and damages from the person or entity whose neglect, willful omission, or intentional, willful or culpable conduct resulted in that injury." General Obligations Law § 11-106 largely abolished the former so-called "firefighter's rule" by giving firefighters a cause of action in negligence for injuries suffered while in the line of duty except as to actions against municipal employers and fellow workers (*Galapo v City of New York*, 95 NY2d 568, 573 [2000]; *see Brennan v New York City Hous. Auth.*, 302 AD2d 483, 484 [2003]; *Gibbons v Ostrow*, 234 AD2d 415, 416 [1996]).

While recovery under General Municipal Law § 205-a does not require proof of notice of an unsafe condition, a showing of actual or constructive notice of the particular defect on the premises causing injury is necessary to a claim sounding in common-law negligence (*see Terranova v New York City Tr. Auth.*, 49 AD3d 10, 17 [2007]; *Lustenring v 98-100 Realty*, 1 AD3d 574, 577 [2003]; *McCullagh v McJunkin*, 240 AD2d 713, 714 [1997]; *Lusenskas v Axelrod*, 183 AD2d 244, 249 [1992]). Here, in opposition to Riley's prima facie showing that she neither created, nor had actual or constructive notice of, any dangerous condition on the subject premises that resulted in the plaintiff's injuries, the plaintiff raised a triable issue of fact through the expert affidavit of Michael F. Cronin. Cronin stated in his affidavit that he is the principal of a consulting firm specializing in the areas of fire protection, fire safety, and fire analysis. Cronin averred that a blocked interior staircase at the subject premises constituted a safety hazard that increased the likelihood of harm to the plaintiff. Given that the deposition testimony of Riley's son-in-law, an excerpt of which also was submitted in opposition to the motion, indicated that Riley resided in the house around the time of the fire, there is a triable issue of fact as to whether Riley had actual or constructive notice of the blocked staircase which allegedly contributed to the plaintiff's injuries.

Thus, that branch of Riley's motion which was for summary judgment dismissing the cause of action sounding in common-law negligence insofar as asserted against her also should have been denied. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.