JAMES SCHUMEYER, Respondent, v ELENA RADU et al., Defendants, and PATRICK J. MCMAHON et al., Appellants. [912 NYS2d 230]—

In an action to recover damages for personal injuries, the defendant Patrick J. McMahon appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), dated February 1, 2010, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and the defendant Gerald Conway, also known as Gerard Conway, appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff is a New York City firefighter who was injured in the course of his employment inside premises owned by the defendants Patrick J. McMahon and Gerald Conway, also known as Gerard Conway (hereinafter together the defendants). The premises consist of a first-floor commercial property and two second-floor residential units. The defendants were also principals of the construction company that had renovated the premises.

The Supreme Court properly found that neither defendant demonstrated, prima facie, entitlement to judgment as a matter of law with respect to the cause of action based on General Municipal Law § 205-a, which was predicated upon, inter alia, alleged violations of Administrative Code of the City of New York §§ 27-127 and 27-128 (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 77 [2003]; *Alcalde v Riley*, 73 AD3d 1101, 1103 [2010]; *Smith v City of New York*, 288 AD2d 369, 370 [2001]).

The defendants also failed to demonstrate, prima facie, their entitlement to judgment as a matter of law dismissing the cause of action based on common-law negligence with respect to issues of their control over the subject premises and their actual or constructive notice of the hazardous condition which allegedly caused the plaintiff's injuries (*see Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423 [1995]; *Alcalde v Riley*, 73 AD3d at 1104; *Brennan v New York City Hous. Auth.*, 302 AD2d 483, 484-485 [2003]).

Accordingly, the Supreme Court properly denied the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In light of this determination, we need not examine the sufficiency of the plaintiff's opposition papers (*id.*; *see Dixon v Malouf*, 70 AD3d 763, 764 [2010]). Prudenti, P.J., Covello, Florio and Belen, JJ., concur.