■ CHARLES T. JABLONSKI et al., Appellants, v DARCI L. JA-
KAITIS, Respondent. [926 NYS2d 137]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Slobod, J.), dated April 21, 2010, which granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion for leave to serve an amended complaint to add a cause of action based on General Municipal Law § 205-e.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying the plaintiffs' cross motion for leave to amend their complaint and substituting therefor a provision granting the cross motion to the extent that the plaintiffs are permitted to serve an amended complaint asserting only a cause of action under General Municipal Law § 205-e, and the proposed amended complaint is deemed served; as so modified, the order is affirmed, without costs or disbursements.

On October 8, 2008, at approximately 11:00 P.M. in the Town of Tuxedo, the defendant, Darci L. Jakaitis, was driving her vehicle in the left northbound lane of the New York Thruway. It had begun to drizzle and, by the defendant's own account, bright, glaring lights from a construction site on the southbound side of the Thruway made it difficult to see. The defendant was traveling at a rate of speed of between 65 and 70 miles per hour at the time. The defendant heard and felt her vehicle strike an object in the road, and she lost control of the vehicle, which hit the guardrail on the left side of the road before skidding back across all three northbound traffic lanes, off the road and onto an embankment. The defendant found her cellphone on the floor of her vehicle and called for assistance. Within three minutes, however, the injured plaintiff, Charles T. Jablonski (hereinafter Jablonski), a Sergeant for the New York State Police, who was driving his patrol car northbound in the left lane, struck a tire rim of the defendant's vehicle, which had been torn from it during the defendant's accident and was lying in the left northbound lane. Jablonski suffered injuries from his vehicle's collision with the tire rim, and he and his wife, suing derivatively, commenced this action against the defendant alleging that her negligence in driving her vehicle was the proximate cause of their injuries. After discovery was completed, the de-

fendant moved for summary judgment dismissing the complaint, and the plaintiffs cross-moved for leave to amend their complaint to add a cause of action under General Municipal Law § 205-e. The Supreme Court granted the defendant's motion and denied the plaintiffs' cross motion.

The defendant asserts, among other things, that the "emergency doctrine" is applicable to this case. Under that doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *see Evans v Bosl*, 75 AD3d 491, 492 [2010]; *Palma v Garcia*, 52 AD3d 795, 796 [2008]; *Gajjar v Shah*, 31 AD3d 377, 377-378 [2006]). Contrary to the defendant's contention, the plaintiffs are not seeking to hold her responsible for the actions she took after the alleged emergency situation arose. Rather, they claim that the defendant, due to excessive speed or inattention, either drove her car off the road or failed to see debris in the road that, with due care, she should have seen. The defendant admitted that she never saw the object that she alleged had caused her accident. Without having perceived or reacted to any emergency, the defendant may not rely on the emergency doctrine to excuse her conduct. The emergency doctrine is, thus, inapplicable in this case under either the plaintiffs' or the defendant's account of her accident (*cf. Stevenson v Recore*, 221 AD2d 834, 834-835 [1995]).

The defendant nonetheless was entitled to summary judgment dismissing the complaint, which asserted only a cause of action alleging common-law negligence. As the Supreme Court correctly held, even if the defendant's operation of her motor vehicle may have been negligent and the cause of her own accident, that accident merely furnished the condition for the plaintiff's accident several minutes later, but was not a proximate cause of it (*see Sheehan v City of New York*, 40 NY2d 496, 503 [1976]; *Ely v Pierce*, 302 AD2d 489 [2003]; *Esposito v Rea*, 243 AD2d 536, 537 [1997]; *Williams v Envelope Tr. Corp.*, 186 AD2d 797 [1992]; *Dunlap v City of New York*, 186 AD2d 782 [1992]). In opposition to the defendant's prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see Cuccio v Ciotkosz*, 43 AD3d 850, 851 [2007]).

The Supreme Court, however, improvidently exercised its discretion in denying the plaintiffs' cross motion for leave to

serve an amended complaint asserting a cause of action under General Municipal Law § 205-e. Under CPLR 3025 (b), leave to amend a pleading "shall be freely given upon such terms as may be just." Thus, as we have held many times, "[i]n the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 222 [2008]; *see Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC*, 82 AD3d 1035, 1037 [2011]). Our determination that the defendant's actions, as a matter of law, were not the proximate cause of the plaintiffs' injuries does not render the proposed amendment to the complaint patently devoid of merit. Under General Municipal Law § 205-e, a plaintiff need not establish that the defendant's violation of law was the "proximate" cause of the injuries, but only that the injuries "occur[red] directly or indirectly as a result of" the violation (General Municipal Law § 205-e [1]; *see Giuffrida v Citibank Corp.*, 100 NY2d 72, 79 [2003]; *cf.* General Municipal Law § 205-a). The Court of Appeals has held that, to satisfy the requirement of direct or indirect causation, the plaintiff need only establish a "practical or reasonable connection" between the violation and the plaintiff's injuries (*Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 441 [1995]; *see Giuffrida v Citibank Corp.*, 100 NY2d at 81; *Cerati v Berrios*, 61 AD3d 915 [2009]; *Downey v Beatrice Epstein Family Partnership, L.P.*, 48 AD3d 616, 618 [2008]; *Balsamo v City of New York*, 287 AD2d 22, 26 [2001]). Here, the plaintiffs' proposed amended complaint seeks to add a cause of action alleging that the defendant's violation of several provisions of the Vehicle and Traffic Law caused Jablonski's injuries (*see Link v City of New York*, 34 AD3d 757, 758 [2006]). The defendant has not established in her opposition to the cross motion that the proposed cause of action under General Municipal Law § 205-e is patently devoid of merit (*see Lucido v Mancuso*, 49 AD3d at 221). Moreover, we find no undue prejudice to the defendant resulting from the plaintiffs' delay in seeking leave to serve an amended complaint (*id.* at 232; *see Bazerman v Gan-Thi Enters.*, 221 AD2d 578, 579 [1995]). Consequently, the plaintiffs' cross motion should have been granted to the extent that the plaintiffs sought leave to serve an amended complaint asserting a cause of action under General Municipal Law § 205-e. Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur.