■ Chaya Kahan, as Administrator of the Estate of Leib Blum, Deceased, Respondent, v David Spira, Appellant. [932 NYS2d 76]—

On December 23, 2007, the plaintiff's decedent, Leib Blum (hereinafter the decedent), allegedly was injured while walking along 18th Avenue in Brooklyn when he was struck and knocked to the ground by the defendant's vehicle as it was backing out of 51st Street.

On January 17, 2008, the instant action was commenced, and issue was joined by service of the defendant's answer dated February 12, 2008. On February 25, 2008, the decedent, who was 92 years old, passed away. On May 11, 2009, letters of administration were granted to the plaintiff.

On October 27, 2009, the plaintiff moved, inter alia, for leave to serve an amended complaint to add a cause of action for wrongful death. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint,

contending that his vehicle never made contact with the decedent, who fell because he was frightened or startled by the defendant's vehicle as it was backing up and lost his balance. The Supreme Court granted the plaintiff's motion, among other things, for leave to amend the complaint, and denied the defendant's cross motion for summary judgment. The defendant appeals. We affirm.

The Supreme Court properly determined that the plaintiff should be granted leave to amend the complaint, as the proposed amended complaint sufficiently alleged that the defendant's negligence caused the decedent to suffer injuries that ultimately resulted in his death. Accordingly, the proposed pleading was neither "palpably insufficient nor patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 232 [2008]; *see Jablonski v Jakaitis*, 85 AD3d 969 [2011]; *Truebright Co., Ltd. v Lester*, 84 AD3d 1065 [2011]). Contrary to the defendant's contention, no assessment of the ultimate merit of the claim needed to be made on the plaintiff's motion (*see Lucido v Mancuso,* 49 AD3d 220 [2008]; *Jablonski v Jakaitis*, 85 AD3d 969 [2011]; *Truebright Co., Ltd. v Lester*, 84 AD3d 1065 [2011]). Moreover, the defendant's reliance on CPLR 210 (a) to support the contention that any claim for wrongful death is time-barred is without merit. The statutory tolling provision contained in CPLR 210 (a) is inapplicable to a cause of action alleging wrongful death, which accrues only upon the death of a decedent (*see* CPLR 210 [a]; EPTL 5-4.1 [1]). Accordingly, the Supreme Court properly granted the plaintiff's motion, inter alia, for leave to serve an amended complaint.

The Supreme Court also properly denied the defendant's cross motion for summary judgment dismissing the complaint, since the defendant failed to meet his prima facie burden of establishing his entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The defendant failed to establish, through the submission of admissible evidence, that his vehicle did not strike the decedent, knocking him to the ground. The proffered deposition transcript of a nonparty witness submitted by the defendant was inadmissible because it was not executed and there was no proof that it had previously been forwarded to the nonparty witness for review (*see* CPLR 3116; *see also Moffett v Gerardi*, 75 AD3d 496 [2010]; *Marmer v IF USA Express, Inc.*, 73 AD3d 868 [2010]; *Martinez v 123-16 Liberty Ave. Realty Corp.*, 47 AD3d 901 [2008]). Furthermore, the conclusory assertions in the defendant's affidavit were insufficient to demonstrate the absence of any triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at

324). Resolving questions of credibility, determining the accuracy of witnesses, and reconciling the testimony of witnesses are for the trier of fact (*see Republic Long Is., Inc. v Andrew J. Vanacore, Inc.*, 29 AD3d 665 [2006]; *Harty v Kornish Distribs.*, 119 AD2d 729 [1986]). Accordingly, the Supreme Court properly denied the defendant's cross motion, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendant's remaining contentions are without merit. Dillon, J.P., Balkin, Eng and Cohen, JJ., concur.