Hennegan v New York City Tr. Auth. (2025 NY Slip Op 04001)

Hennegan v New York City Tr. Auth.

2025 NY Slip Op 04001

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
PHILLIP HOM, JJ.

2023-09114
 (Index No. 520214/18)

[*1]Maria R. Hennegan, appellant, 
v
New York City Transit Authority, et al., respondents, et al., defendants.

Harris Keenan & Goldfarb PLLC, New York, NY (Jason Steinberg and Yamile Kalkach of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy and Theresa A. Frame of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Richard J. Montelione, J.), dated July 5, 2023. The judgment, insofar as appealed from, upon so much of a jury verdict as was in favor of the defendants New York City Transit Authority and Dana Blake on the issue of liability, is in favor of the defendants New York City Transit Authority and Dana Blake and against the plaintiff, in effect, dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants New York City Transit Authority (hereinafter the NYCTA) and Dana Blake, among others, inter alia, to recover damages for personal injuries she alleged she sustained in July 2017 when the van in which she was a passenger collided with a bus owned by the NYCTA and operated by Blake (hereinafter together the transit defendants) at an intersection in Brooklyn. After a trial on the issue of liability, a jury found, in relevant part, that Blake was not negligent in the happening of the accident. A judgment was subsequently issued, among other things, in favor of the transit defendants and against the plaintiff, in effect, dismissing the complaint insofar as asserted against the transit defendants. The plaintiff appeals.
Initially, contrary to the transit defendants' contention, the plaintiff's contention that the Supreme Court erred in charging the jury on the emergency doctrine is preserved for appellate review. Inasmuch as the plaintiff sought to hold the transit defendants liable on the basis that Blake failed to use reasonable care as she was approaching the intersection, and not for actions Blake took after an alleged emergency situation arose, the transit defendants were not entitled to a jury charge on the emergency doctrine (see Vasquez v Couty of Nassau, 91 AD3d 855, 857; Jablonksi v Jakaitis, 85 AD3d 969, 970). However, any error arising from the charge was harmless, as we are satisfied that the result would have been the same if the alleged error had not occurred (see CPLR 2002; Simon v Granite Bldg. 2, LLC, 170 AD3d 1227, 1233).
Accordingly, we affirm the judgment insofar as appealed from.
In light of our determination, we need not reach the transit defendants' remaining contention.
DUFFY, J.P., WOOTEN, WARHIT and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court